Limon, your honor. Thank you, and may it please the court, Kennedy DeHakis for Mr. Limon. On behalf of Mr. Limon, I want to thank this court for the opportunity to present his appeal. This appeal asks the court to again consider how 38 CFR 3.156B affects the finality of a claim. The dispositive facts are not in dispute. VA issued a decision... Can we talk about finality? We can, your honor. So... At grade brief page 4, you say, quote, if Mr. Limon agrees to the extent that if a subsequent appeal is available, this court lacks jurisdiction, end quote. So, if the... That's telling me that if we believe that there's a subsequent appeal available on the 2006 date, then we should dismiss this appeal. Absolutely, your honor. And that's what the government said, is the circumstance here. That's what they argue, your honor, yes. I will again, as that statement says, we are unclear still, even under this court's precedent, or Williams and subsequent cases, whether he must appeal this determination now, or whether he must wait for the remand proceedings. There is other case law, Tyrouse to be, which is probably the most glaring, where if the veteran does not appeal, and he should have, then he loses the right to assert his benefits. Was that in the circumstances of this case, where the case is still alive? I mean, the CAVC split it, and it remanded part of it, but that doesn't mean that the rest of it just disappears from the face of the earth. That still remains, the 2006-2007 issue, still remains as part of the case, correct? Well, we don't believe so, your honor. And again, I think that's why we filed this appeal, to get guidance from this court, whether that is or is not the case. Like in Tyrouse, there was a claim that was denied for a specific disability. They denied one legal part of it, under one legal theory. The other legal theory was remanded, and this court held that you must assert your appeal at that point, on the denied portion of it. And as we argued in our brief, there are two separate time periods that are at issue here. There's a 2006-2011 time period. What is the name of the case you're referring to? Tyrouse. Is that in your brief? It is not, your honor, and I do apologize. Is it a precedential? It is, your honor. Yes. Of our court? Yes, your honor. Could you spell it? T-Y-R-U-E-S, I believe. T-Y-R-U-E-S. And the issues were the same here? Does it play on this case? Well, we didn't cite it, your honor, because it's not directly on point. Tyrouse was a case where there was a specific claim that was adjudicated by the board. The veterans court remanded, and the facts are not, these are generalized, but the veterans court remanded under one legal theory, say direct service connection, and denied on another, say presumptive service connection. And this court held that he must present his appeal on the denied portion, and even though the remanded portion was sent back to the VA. And so, that's how we looked at this case. Can you give us the citation to this? I can, your honor. Not cited case to us? I can, your honor. And what's the spelling again? T-Y-R-U-E-S. E-S. Well, maybe you can come up with it after. I can, your honor. I can certainly look for it after. I hate to speak about a case which I don't know what it's about. I understand your honor. But it seems to me that even as you've described it generally, it seems a bit different than the facts here. Here you had two separate claims. They're somewhat intertwined, and your position rests on the fact that he would not be able to, if it goes back on remand, then let's assume hypothetically the board says no on the 2013 effective date. The CAVC says no on the 2006 piece of it as well? Not at the Veterans Court, your honor, but certainly. If the Veterans Court affirms the 2013 and says... Yeah, they've already decided the 2006. Right, the 2006 has already been decided. That doesn't mean it's not in this case. It's not part of any final judgment issued by the CAVC, because all you've got is a remand now. The case is still locked, right? Right now, as we understand the Veterans Court ruling, the 2011 claim is alive. The 2006 claim has been finally adjudicated as final and not appealed, and so that's why we think that we should have filed this appeal now. All right, well are you satisfied if the government says no, it's not an argument, it's a position, that this case will be subject to adjudication later on? Are you just trying to protect yourself and your client? Yes, your honor. I'm trying to protect Mr. Limon. Regardless of what the secretary says, the Veterans Court's jurisdiction, this court's jurisdiction, cannot be asserted by his position, and the board cannot review the 2006 issue. So if this court does find that we have to wait until the Veterans Court addresses it again, then we're perfectly happy with that. In addition to that, the issues are kind of intertwined, arguably, right? I mean, the 2013 and the 2006, it's about what came in on the 2006. I mean, there is some theory in which you could need to look at both, right? I don't believe so, your honor. The only thing that makes them, that they have in common, is that they're both trying to get benefits for a meniere's condition, which, by the way, he's already service-connected for, he's already getting benefits for. The reason why they're distinct is because the ruling on the 2006 claim was an application of 3.156B, or a misinterpretation of that regulation, that by finding new and material evidence was presented, that that finalizes and closes that claim. And that's not what Diehl said, Diehl v. Collins, which we did cite in our reply brief, which came out after the secretary's brief was filed. That case, although it was dealing with a situation where the veteran did not present new and material evidence, Diehl held that by not presenting new and material evidence, that prior claim is now closed, because there's nothing to do with that evidence. But it did say a different situation may be available, which is here, when new and material evidence is presented. And so the Veterans Court held, Appendix 5, that the claim was reopened, the appellant's claim in 2013, new and material evidence isn't necessary for a reopened claim. And so that's the legal determination that we're challenging. We're happy to wait if this court finds that we should. But to protect Mr. Limon, we filed this appeal. If there are no other questions? Well, I think, in terms of what you're arguing, is you agree. You didn't cite any cases in your briefing that would say that there's something that can happen in the further development of this case that would moot the issue of the 2006 effective date that you're asking us to review today. There may be this Tyrose case. You all can't collude to expand our jurisdiction. I get all that. But there's nothing in your brief that would support an argument that if you don't get the review today, it'll never be available. Other than Williams, Your Honor, which is the primary, which I think is the controlling case law, that Williams does say that we can present these issues and that this court does have jurisdiction over them. But Williams says you have to meet all three of those prongs of Williams, and my question really goes to prong three, which is what we've been talking about, and I just don't see any argument. I haven't read the case you've cited today, but based on the cases in the briefing, I haven't seen anything that says this issue of the 2006 effective date will become moot or could become moot on remand. Well, it certainly could become moot, Your Honor. Obviously, if the board denies the remanded issue and finds against him, then it would become moot. I'm not following that. Just because the CAVC has rejected that and it's not remanded it, the case isn't over. It's still the same case that will be subject to review or appeal to us, depending on how things go from you below. And again, Your Honor, that is an outcome that Mr. Limon would welcome. He wants to present this legal issue to this court. But again, we think that because there were two separate periods of time here, which are different, which are distinct, the 2006 to 2011, which the Veterans Court foreclosed, and then the 2011 going forward to the current effective date issue, which they remanded. And so, again, we're here to determine whether we should present this now or if he should wait until the board is done with their adjudication of the remand. Thank you. Good morning. May it please the Court. I am not, I will confess I'm not familiar with the Tyreuse case. It looks to me like the citation is 732 F. 3rd, 1351. That's 732 F. 3rd, 1351. That's a pretty old case. Yes, it is. And as we've discussed, it wasn't cited in any of the briefs. So I can't tie it into this case today. I'm happy to do something if the Court believes that that's appropriate. Well, do you disagree with any of the observations that have been coming from the bench this morning, which seem to be repeated in your brief? No, Your Honor. I think if we go particularly to the third Williams factor of danger of mootness during the remand, that's not a danger here. And so for that reason, we've cited the Joyce case, and it's a point that where a claim where issues are inextricably intertwined, as here where there's the same underlying injury, claimed injury, that is a situation where this Court under the... Are the issues inextricably intertwined? I mean, can't we think of them completely separate in terms of the facts and the law that applies to each? Well, I think what Joyce says is that they're inextricably intertwined because it's the same underlying injury. And so that, to me, means that there's... I understand Your Honor's point insofar as there may be different evidence on effective date applicable to the two claims, the 2006 and the 2011. But ultimately, what we're trying to understand is the correct effective date for the Manieri syndrome. And so that all is tied together, and that is, to me, what Joyce stands for and why this Court should stay its hand for now under Williams and address these issues on a full appeal. Recognizing my friend's concern that, well, is now the right time or is now not the right time? The position we're taking here is that when it comes back, if it comes back after remand, at that point, the Court would be positioned to review both the Veterans Court decision with respect to the 2006 claim and also with respect to the 2011. I don't know if we're going to have to consider factor one under Williams, but you seem to dispute that. But as I understand the argument, it's that the Board and the Veterans Court misinterpreted 3.156B in maybe allowing very little to be done in order to show that the new material evidence was considered. And it's analogous to, I think, our cases at Hampton and the recent case of Deal, where we've said those interpretive-type questions are questions of law that would satisfy Williams, prompt one. What's your response? Yes, Your Honor, I do agree that Deal and Hampton do provide support for that position. Our point in the red brief was focusing on sort of the way in which jurisdiction is found, not under Williams, but rather under this more typical question of whether there's an issue of legal interpretation. I do understand your point, and I think that the third one is factors where this Court's focus should be in terms of whether or not the Court should act now or wait. If we wait, the government is reserving the right, I suppose, to argue at that time we lacked jurisdiction based on a different idea that this is really just a dispute over application of law, in fact. That's right, Your Honor, and that would arise under typical principles, as it would in any situation where this Court is reviewing a judgment of the Veterans Court. But the government is foreclosed from arguing, however many years from now, that he needed to have appealed the 2006 case immediately. Right. I mean, the position we're taking here is that this is not the right time, and there must be a right time, and so, yes, Your Honor, I agree with that. Thank you. Thank you, Your Honor. Just two points. That is the Tyrus case that I was referring to. That's not a new case. It's not, Your Honor. Did Tyrus talk about Williams? It did not, Your Honor. Maybe because the Williams factors weren't relevant. Perhaps, Your Honor, I think. But again, that goes to our position that these are two separate issues that had to have been appealed separately and remain distinct from each other. And the last point that I'll make is under Joyce. They found that it was inextricably intertwined because addressing one would disrupt the orderly process of the adjudication on the remanded issue. And that case relied heavily on Elkins, and Elkins really explained that interpretation of a statute or regulation would preclude where the Veterans Court's interpretation of a statute or regulation would preclude an award of benefits on a particular claim. A veteran might otherwise have to wait years before all of his or her claims are fully adjudicated. Resolution at this stage would actually enhance the adjudication of the claim as opposed to disrupting it. And the primary holding at Elkins was just that, that sometimes you don't have to wait because it does not disrupt the remand proceedings. Just for clarity, is there anything going on at this stage? The case was remanded like a year ago. Nothing yet, Your Honor, no. Thank you. Thank both sides. Case is submitted.